**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1818

FREDDIE J. KELLY,

                Plaintiff - Appellant,

     v.

SUNTRUST BANK; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN; TRANSUNION,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:14-cv-00121-JAG)

Submitted: December 18, 2014       Decided: January 6, 2015

Before KING, SHEDD, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Freddie J. Kelly, Appellant Pro Se. Terry Catherine Frank, KAUFMAN & CANOLES, PC, Richmond, Virginia; John Willard Montgomery, Jr., MONTGOMERY & SIMPSON, LLLP, Richmond, Virginia; Brian J. Olson, KING & SPALDING, LLP, Atlanta, Georgia; Joseph William Clark, Eric Scott Jacobi, JONES DAY, Washington, D.C.; Michael R. Ward, MORRIS & MORRIS, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie J. Kelly appeals the district court's order dismissing with prejudice his action against SunTrust Bank and credit reporting agencies Equifax Information Services LLC, Experian Information Solutions, and TransUnion LLC. The district court dismissed Kelly's action as a sanction under Federal Rule of Civil Procedure 37 for failure to cooperate in discovery. Because the district court failed to adequately explain its decision, we are unable to review its ruling. We therefore vacate the order and remand for further proceedings consistent with this opinion.

In March 2014, Kelly initiated this action by filing a pro se complaint, alleging that Appellees violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 (2012). Kelly filed an amended complaint in April 2014. The court established a discovery deadline of July 29, 2014. Kelly did not make any initial disclosures, nor did he timely answer Appellees' interrogatories. Moreover, after receiving five days' notice about his scheduled deposition, he failed to attend. On July 29 and July 30, 2014, Appellees filed motions for sanctions against Kelly pursuant to Rule 37.

On July 31, 2014, after a conference call with all parties, the court issued a short order granting the motions for sanctions and dismissing Kelly's suit with prejudice. The court

2

noted that Kelly failed to make initial disclosures, "failed to answer any interrogatories[,] and missed a scheduled deposition."

We review the grant of discovery sanctions under Rule 37 for abuse of discretion. Hoyle v. Freightliner, LLC, 650 F.3d 321, 329 (4th Cir. 2011). Subsections (c)(1)(C) and (d)(3) of Rule 37 afford the trial court wide discretion to sanction a party for failing to comply with discovery requests and orders. Fed. R. Civ. P. 37(c), (d). This discretion is not unfettered, however, because dismissal is an "extreme sanction" that is reserved for "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

This court has established four factors that a district court must consider before imposing dismissal as a sanction: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by other parties as a result of the failure to comply; (3) the deterrence value of dismissal for such noncompliance; and (4) the efficacy of a less drastic sanction. Id. Before dismissing a case with prejudice, the district court "must find its basis in good reason" and "should clearly state its reasons so that meaningful review may

3

be had on appeal." Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 505 (4th Cir. 1977) (footnotes and internal quotation marks omitted). Our review must "consider the full record" in light of the district court's reasons. Id. at 506 (footnote and internal quotation marks omitted).

In this case, the district court neither specifically addressed the four Wilson factors nor provided any explanation for the sanction imposed that reflects consideration of these factors. The court only noted its consideration of Kelly's "overall conduct," at most implying that Kelly acted in bad faith, but it did not discuss prejudice, deterrence, or less drastic sanctions. It is difficult on the record before us to discern bases for a finding of either bad faith or an absence of less drastic sanctions. Consequently, we are unable to assess whether the district court acted within its discretion when it dismissed Kelly's suit with prejudice as a sanction under Rule 37(c)(1)(C).[*]

Accordingly, we vacate the dismissal order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] We find particularly troubling the lack of notice provided to Kelly prior to the dismissal of his case, as required by the district court's rules. See E.D. Va. Civ. R. 7(K).

4

materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED